**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50073 |
| Plaintiff - Appellee, | D.C. No. 8:07-cr-00273-DOC-3 |
| v. | |
| LOREN BALTHAZOR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted March 9, 2012[**]
Pasadena, California

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

Loren Balthazor ("Balthazor") was convicted of one count of conspiracy to

commit wire fraud in violation of 18 U.S.C. § 371, and seventeen counts of wire

fraud and aiding and abetting wire fraud in violation of 18 U.S.C. §§ 1343 and 2.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court denied Balthazor's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 made at the close of the government's case in chief. On appeal, Balthazor claims that the evidence was insufficient to convict him, and thus that the district court erred by denying his motion for acquittal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review challenges to the sufficiency of the evidence de novo. *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008). There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We generally review a district court's denial of a Rule 29 motion for plain error or to prevent a miscarriage of justice where, as here, the motion is not renewed at the end of the trial. *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1200-01 (9th Cir. 2000). Because we find sufficient evidence supports Balthazor's conviction under either plain error or de novo review, our analysis is not affected by an application of one standard versus the other. *See id.*

Sufficient evidence supports Balthazor's conviction for conspiracy to commit wire fraud. *See Sullivan*, 522 F.3d at 976. "The agreement need not be explicit; it is sufficient if the conspirators knew or had reason to know of the scope

2

of the conspiracy and that their own benefits depended on the success of the venture." *Id.* (citation and internal quotation marks omitted). The specific intent to defraud can also be established by circumstantial evidence and may be inferred from misrepresentations made by the defendant. *Id.* at 974. Evidence at trial established that Balthazor acted as a "facilitator" for the fraudulent high yield investment program, was instrumental in introducing the investment program to the undercover agents, and made numerous misrepresentations in an effort to persuade the undercover agents to invest in the fraudulent investment program. From this evidence, a reasonable jury could find beyond a reasonable doubt that Balthazor agreed to join the conspiracy and possessed the specific intent to defraud others.

Sufficient evidence also supports Balthazor's conviction for wire fraud and aiding and abetting wire fraud. The government presented evidence that Balthazor made materially false representations to convince potential investors to invest millions of dollars, boasted that the potential investors could make outrageous returns in a matter of weeks with no risk to principal, and told potential investors that warnings about the fraudulent nature of high yield investment programs were made up by the government to keep the investment programs secret. *See United States v. Green*, 592 F.3d 1057, 1064 (9th Cir. 2010); *United States v. Gaskins*, 849

3

F.2d 454, 459 (9th Cir. 1988).

Accordingly, there was sufficient evidence for a rational jury to convict Balthazor.

AFFIRMED.